UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |   |
|---|---|---|
| EDWIN L. MELTON, for himself and as next friend of his minor child, J.R., | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 14-686 (RMC) |
| DISTRICT OF COLUMBIA, *et al.*, | ) ) ) ) | |
| Defendants. | ) ) ) | |

**OPINION**

Plaintiff Edwin Melton, proceeding *pro se*, is currently incarcerated at the Pocahontas State Correction Center in Pocahontas, Virginia. He brings this civil action on his own behalf and on behalf of J.R., his minor child. Compl. [Dkt. 1] at 1; *see id.* ¶ 4. J.R. is in foster care, in the custody of the D.C. Child and Family Services Agency (CFSA). CFSA has instituted adoption proceedings for the permanent placement of J.R. with an adoptive parent. Generally, Mr. Melton challenges the Defendants' actions regarding the adoption of J.R. *See generally id.* ¶¶ 104-09. In this Court, Mr. Melton has filed a motion for a temporary restraining order and a preliminary injunction seeking to enjoin the adoption proceedings in D.C. Superior Court and to require Defendants to provide "reunification services" to him. *See* Mot. for Inj. [Dkt. 5]. The motion will be denied because this Court must abstain from interfering with an ongoing proceeding in D.C. Superior Court under the doctrine established by the Supreme Court in *Younger v. Harris*, 401 U.S. 37 (1971).

1

J.R. was born on February 6, 2012. Both he and his mother tested positive for cocaine. Compl. ¶ 13. At the time of J.R.'s birth, Mr. Melton was incarcerated. *Id*. ¶¶ 13, 23. J.R.'s mother failed to participate in court-ordered drug treatment and abandoned J.R. *Id*. ¶¶ 13, 20, 24. J.R. currently lives with a foster parent, Mr. Melton's relative, Zanielle Young. *Id*. ¶ 38. Mr. Melton alleges that CFSA intends to place J.R. permanently with an adoptive parent, *id*. ¶¶ 52, 57, 61, 63, 72, 101, and that Ms. Young filed for permanent adoption against Mr. Melton's wishes, *id*. ¶ 85. Because Mr. Melton hopes to be rejoined with his child when he is released from prison, *see id*. ¶ 49, he objects to the pending adoption. Mr. Melton anticipates being released on September 2, 2014. *See* Mot. for Inj., Proposed Order.

On April 14, 2014, Mr. Melton filed suit here claiming, *inter alia*, that (1) Defendants have violated the Adoption and Child Welfare Act of 1980 (ACWA), codified at 42 U.S.C. §§ 620-628 and 670-679a; (2) that they have conspired to deprive him of his liberty interest as a parent, resulting in a substantive due process violation under the Fifth Amendment; and (3) that they have conspired to deny him equal protection, also a violation of the Fifth Amendment. *See* Compl. ¶¶ 104-109. Defendants are CFSA; CFSA managers and employees Pamela Soncini, Vanessa Williams-Campbell, Kelly Friedman, Whitney Bellinger, Rhydell Ngoh, and Elise Hartung; foster parent Zanielle Young; and attorney David Stein.[1] The Complaint seeks injunctive relief and monetary damages. *See id*., Relief Requested.

On May 21, 2014, Mr. Melton moved to enjoin the adoption proceeding in D.C. Superior Court and to require Defendants to provide "reunification services." *See* Mot. for Inj. He asserts that the adoption case is assigned case numbers TPR-109-12 and A-146-13 and that

---

[1] Mr. Stein was appointed to represent Mr. Melton in asserting his parental rights regarding the placement of J.R. Compl. ¶ 18. Pursuant to Mr. Melton's request, Andrew Murane was substituted as counsel as of January 2, 2014. *Id*. ¶ 91.

2

the "pretrial dates" were May 12-16, 2014. *Id.* at 1. The record does not reflect the current status of the adoption proceedings, but Mr. Melton does not allege that his parental rights have been terminated at this time.

To obtain a preliminary injunction, the movant must establish that: he is likely to succeed on the merits; he is likely to suffer irreparable harm in the absence of preliminary relief; the balance of equities tips in his favor; and an injunction is in the public interest. *Winter v. NRDC, Inc.*, 555 U.S. 7, 20 (2008). The D.C. Circuit has further instructed that "the movant has the burden to show that all four factors . . . weigh in favor of the injunction." *Davis v. Pension Benefit Guar. Corp.*, 571 F.3d 1288, 1292 (D.C. Cir. 2009). The same showing must be made in order to obtain a temporary restraining order. *See Council of American-Islamic Relations v. Gaubatz*, 667 F. Supp. 2d 67, 74 (D.D.C. 2009) (citations omitted) (applying same standard to both temporary restraining order and preliminary injunction). The Court presumes without deciding that Mr. Melton has made the required showing.

However, Mr. Melton asserts that adoption proceedings were scheduled for May 12, 13, 14, 15, and 16, 2014 in D.C. Superior Court and this Court cannot stay proceedings that already have occurred. Moreover, this Court must abstain from interfering in ongoing D.C. court proceedings under the *Younger* abstention doctrine. *See Younger*, 401 U.S. at 45 ("[T]he normal thing to do when federal courts are asked to enjoin pending proceedings in state courts is not to issue such injunctions."); *see also District Properties Assocs. v. District of Columbia*, 743 F.2d 21, 27 (D.C. Cir. 1984) ("[B]ased on principles of equity . . . the doctrine of *Younger* . . . and its progeny restrains federal courts from interfering in ongoing state judicial proceedings."). In *Younger*, the Supreme Court held that:

> [E]xcept in extraordinary circumstances, a federal court should not enjoin a pending state proceeding (including an administrative

proceeding) that is judicial in nature and involves important state interests.

401 U.S. at 41. The *Younger* doctrine rests both on equitable principles and on concerns for comity and federalism. *Ohio Civil Rights Comm'n v. Dayton Christian Sch., Inc.*, 477 U.S. 619, 627-28 (1986); *Worldwide Moving & Storage, Inc. v. District of Columbia*, 445 F.3d 422, 425 (D.C. Cir. 2006). *Younger* precludes federal adjudication when three criteria are met: (1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the proceedings afford an adequate opportunity to raise the federal claims. *Bridges v. Kelly*, 84 F.3d 470, 476 (D.C. Cir. 1996). "[T]he general considerations of comity described in the *Younger* line of cases apply with full force to the District of Columbia." *JMM Corp. v. District of Columbia*, 378 F.3d 1117, 1125 (D.C. Cir. 2004). Further, the *Younger* principle applies to pending state administrative proceedings. *Id.* at 1127.

Child dependency proceedings constitute "ongoing state proceedings" for the purpose of a *Younger* analysis. *31 Foster Children v. Bush*, 329 F.3d 1255, 1275 (11th Cir. 2003). Further, "[f]amily relations are a traditional area of state concern." *Moore v. Sims*, 442 U.S. 415, 435 (1979). Thus, when applying *Younger*, courts have determined that a State's interest in child custody is important and vital. *See, e.g.*, *id.*; *Peterson v. Fox*, 488 F. Supp. 2d 14, 20 (D.N.H. 2007).[2] Also, a litigant in a District of Columbia proceeding has an opportunity to raise constitutional claims. "Where the proceedings begin in Superior Court, the [litigant] can raise any constitutional claims in that court, appeal an adverse decision to the District of

---

[2] Under *Younger*, courts similarly abstain from interfering in ongoing child support proceedings. *See, e.g.*, *Agustin v. Cty. of Alameda*, 234 F. App'x 521, 522 (9th Cir. 2007); *Dixon v. Kuhn*, 257 F. App'x. 553, 555-56 (3d Cir. 2007); *Tindall v. Wayne Cty. Friend of Court*, 269 F.3d 533, 538-40 (6th Cir. 2001).

4

Columbia Court of Appeals, and if still dissatisfied seek review in the United States Supreme Court." *See JMM Corp.*, 378 F.3d at 1121.

This suit meets the three criteria for *Younger* abstention. The record does not indicate precisely where the permanent adoption proceedings stand, but they appear to be ongoing.[3] The District's interest in the issue of child custody is vital. Further, Mr. Melton can assert his constitutional rights in any D.C. Superior Court proceeding regarding child custody and adoption. Although Mr. Melton seeks to enjoin the pending adoption of J.R. and require Defendants to provide reunification services, *Younger* requires this Court to abstain from interfering with ongoing D.C. Superior Court proceedings regarding the custody of J.R. Mr. Melton's motion for a temporary restraining order and preliminary injunction [Dkt. 5] will be denied. A memorializing Order accompanies this Opinion.

Date: May 30, 2014                      /s/
ROSEMARY M. COLLYER
United States District Judge

---

[3] When the D.C. Superior Court issues a final ruling on the adoption, the matter may be appealed to the D.C. Court of Appeals but not to this Court. This Court is not a reviewing court, *see* 28 U.S.C. §§ 1331, 1332 (general jurisdictional provisions); *Richardson v. District of Columbia Court of Appeals*, 83 F.3d 1513, 1514 (D.C. Cir. 1996), and it lacks authority to review collaterally state court judgments under *Rooker-Feldman* doctrine, *see Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994) (citing doctrine named for *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983)).